74 F.3d 1261
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Frank SANTAMARIA, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 95-3365.
 United States Court of Appeals, Federal Circuit.
 Jan. 23, 1996.
 
 Before ARCHER, Chief Judge, PLAGER, and SCHALL, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Frank Santamaria (Santamaria) appeals the decision of the Merit Systems Protection Board (Board), Docket No. NY-3443-94-0671-I-1,[1] dismissing his appeal for lack of jurisdiction. We affirm.
 
 DISCUSSION
 
 2
 Santamaria was appointed to a temporary position in the competitive service with the Department of Veterans Affairs as a housekeeping aide on May 15, 1994. He served in this capacity until August 20, 1994, when his temporary appointment was terminated. Santamaria had previously held a similar temporary appointment from April 18, 1993 to September 30, 1993. Santamaria appealed the agency's August 20, 1994 termination of his employment to the Board which dismissed the appeal for lack of jurisdiction.
 
 
 3
 Because neither of Santamaria's nonconsecutive, temporary appointments lasted one year, he did not satisfy the statutory definition of an employee who is entitled to appeal an adverse action to the Board. See 5 U.S.C. Sec. 7701(a)(1994). The statutory definition of employee is "an individual in the competitive service ... who has completed 1 year of current continuous service under other than a temporary appointment limited to 1 year or less." 5 U.S.C. Sec. 7511(a)(1)(A)(ii) (1994). Because Santamaria was a temporary employee who had not served one year of continuous service, the Board properly dismissed Santamaria's appeal for lack of jurisdiction.
 
 
 4
 Santamaria also claimed that he was invidiously affected by an employment practice of the Office of Personnel Management (OPM), and that the Board had jurisdiction over the appeal on that basis. 5 C.F.R. Sec. 300.104 (1995). The Board correctly found that the challenged employment practice, i.e., termination at the end of a temporary appointment, was not that of OPM, and consequently was not appealable. To the extent Santamaria's challenge was to an employment practice of OPM, the Board also correctly determined that it did not have jurisdiction to consider this question in the absence of an otherwise appealable action.
 
 
 5
 Finally, Santamaria contends that the Board had original jurisdiction to consider his appeal pursuant to 5 U.S.C. Sec. 1204(a)(4)--a statutory grant of authority to review OPM regulations for prohibited personnel practices. However, Santamaria failed to challenge any specific OPM regulation.
 
 
 6
 Pursuant to 5 U.S.C. Sec. 7703(c), we must affirm a decision of the Board unless it is (1) arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with the law; (2) obtained without procedures required by law, rule or regulation having been followed; or (3) unsupported by substantial evidence. Santamaria had the burden of establishing jurisdiction by a preponderance of the evidence, 5 C.F.R. Sec. 1201.56(a)(2) (1995), a burden which he failed to meet. Therefore, we affirm the decision of the Board dismissing his appeal for lack of jurisdiction.
 
 
 
 [1]
 The November 9, 1994 initial decision issued by the administrative judge became the final decision of the board on February 22, 1995 when the board denied Santamaria's petition for review